IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KEITH L. CRAWFORD,**

                              Petitioner,

        v.                                                                  CASE NO. 24-3196-JWL

**STATE OF KANSAS,**

                              Respondent.

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Petitioner Keith L. Crawford, a state prisoner currently incarcerated at Hutchinson Correctional Facility in Hutchinson, Kansas. For the reasons explained below, the Court will dismiss this matter for lack of jurisdiction because it is an unauthorized second or successive petition. If Petitioner wishes to pursue federal habeas relief related to his 1997 convictions, he must obtain authorization to do so from the Tenth Circuit before filing a petition in this Court.

### Background

In November 1997, a jury in Sedgwick County, Kansas convicted Petitioner of rape and, the following January, the state district court granted an upward durational departure and sentenced him to 644 months in prison. (Doc. 1, p. 1.) This conviction will be referred to in this order as the 1997 conviction. In an opinion issued on February 18, 2000, the Kansas Court of Appeals (KCOA) affirmed the 1997 conviction and sentence; the Kansas Supreme Court denied the subsequent petition for review. *State v. Crawford*, 2000 WL 36745543 (Kan. Ct. App. Feb. 18, 2000) (unpublished), *rev. denied* May 3, 2000. Petitioner then unsuccessfully sought postconviction relief in state district court through multiple motions; some sought state habeas corpus relief under

1

K.S.A. 60-1507 and others sought relief under K.S.A. 22-3504, which allows Kansas state courts to "correct an illegal sentence at any time while the defendant is serving such sentence." *See* K.S.A. 22-3504(a); *see also Crawford v. State*, 2003 WL 27393331 (Kan. Ct. App. Jan. 10, 2003) (unpublished) (reversing denial of first 60-1507 motion and remanding for evidentiary hearing), *rev. denied* Mar. 24, 2003; *Crawford v. State*, 2006 WL 2265057, *1 (Kan. Ct. App. Aug. 4, 2006) (unpublished) (affirming dismissal on remand of first 60-1507 motion after evidentiary hearing), *rev. denied* Dec. 19, 2006; *Crawford v. State*, 2009 WL 500952 (Kan. Ct. App. Feb. 27, 2009) (unpublished) (affirming denial of second 60-1507 motion as untimely and successive), *rev. denied* Nov. 12, 2009; *State v. Crawford*, 2012 WL 2785939 (Kan. Ct. App. July 6, 2012) (unpublished) (affirming denial of second 22-3504 motion—an earlier 22-3504 motion also was denied but Petitioner did not timely file a notice of appeal), *rev. denied* Sept. 4, 2013; *State v. Crawford*, 2017 WL 1197996 (Kan. Ct. App. March 31, 2017) (unpublished) (affirming denial of 22-3504 motion), *rev. denied* Nov. 6, 2017; *Crawford v. State*, 2021 WL 744523 (Kan. Ct. App. Feb. 26, 2021) (unpublished) (affirming summary dismissal of third 60-1507 motion as untimely and successive), *rev. denied* Sept. 30, 2021; *Crawford v. State*, 2023 WL 5811494 (Kan. Ct. App. Sept. 8, 2023) (affirming summary dismissal of fourth 60-1507 motion as untimely).

Over the years, Petitioner has also sought federal habeas corpus relief in this Court under 28 U.S.C. § 2254. The first three § 2254 petitions Petitioner filed in this Court were dismissed without prejudice. *See Crawford v. Morrison*, Case No. 07-3207-SAC, 2008 WL 253032 (D. Kan. Jan. 29, 2008) (unpublished) (dismissing petition without prejudice so that Petitioner could exhaust state court remedies); *Crawford v. Kansas*, Case No. 12-3252-SAC (dismissed without prejudice on June 26, 2013 because Petitioner had not yet exhausted state court remedies); *Crawford v. Kansas*, Case No. 13-3122-SAC (dismissed without prejudice on September 9, 2013, upon

Petitioner's motion to withdraw his petition). The petition Petitioner filed in September 2013, however, was denied on its merits in September 2015 by United States Senior District Judge Sam A. Crow. *See Crawford v. Kansas*, Case No. 13-3164-SAC, Doc. 32, 2015 WL 5125467 (D. Kan. Sept. 1, 2015) (unpublished). Petitioner sought to appeal, but the Tenth Circuit held that it lacked jurisdiction over the appeal because the notice of appeal was not timely filed. *See id*. at Doc. 39.

On November 8, 2024, Petitioner filed in this Court another petition seeking § 2254 relief from his 1997 convictions. (Doc. 1.)

**Analysis**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires the Court to review each habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Supreme Court has explained: "Although Congress did not define the phrase 'second or successive,' as used to modify 'habeas corpus application under section 2254,' it is well settled that the phrase does not simply 'refe[r] to all § 2254 applications filed second or successively in time.'" *Magwood v. Patterson*, 561 U.S. 320, 331-32 (2010) (citations omitted). For example, where a petitioner's first § 2254 petition was dismissed for failure to exhaust—as with Petitioner's first three § 2254 petitions in this Court—a later-filed application is not considered "second or successive." *See id*. at 332 (citing *Slack v. McDaniel*, 529 U.S. 473, 478,

3

487 (2000)).

But when a § 2254 petition challenging a judgment is decided on its merits, the petitioner generally may not later return and file another § 2254 petition challenging the same judgment. *See Dopp v. Workman*, 2012 WL 5871036, *2 (10th Cir. Nov. 21, 2012) (unpublished) (noting that the claims could have been raised in the first habeas petition, which was decided on its merits, and affirming the district court's dismissal of the claims as unauthorized second or successive claims). Whether the claims in the later petition are the same as the claims decided on their merits in the previous petition does not affect whether a petition is "second or successive." *See McGill v. Rankin*, 2023 WL 3716817, *2 (10th Cir. May 30, 2023) (unpublished) (holding that a second or successive petition containing a claim not raised in a previous federal habeas action "does not change the fact that [the petitioner] needs authorization to bring it"); *Lancaster v. Bigelow*, 435 Fed. Appx. 773, 775 (10th Cir. July 28, 2011) (unpublished) (characterizing as "mistaken" the argument that "because he is raising new claims, he is not required to obtain circuit-court authorization to file his [third] § 2254 petition").

When determining whether a § 2254 petition is "second or successive," the Court focuses on the state-court judgment under which the petitioner is in custody, not the basis for his or her argument that the judgment is unconstitutional. The United States Supreme Court explained this concept in *Burton v. Stewart*, 549 U.S. 147, 153 (2007), in the context of two § 2254 petitions attacking the same judgment. It reasoned:

> When Burton filed his first petition, the 1998 petition, he was being held in custody pursuant to the 1998 judgment, which had been entered some nine months earlier. When he filed his second petition, the 2002 petition, he was still being held in custody pursuant to the same 1998 judgment. In short, Burton twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it.

*Id.* In other words, only one petition challenging a state-court judgment under which a petitioner is in custody is allowed without prior Tenth Circuit authorization.

As noted above, in 2015, Judge Crow denied Petitioner's petition for federal habeas relief under § 2254. That petition challenged Petitioner's 1997 convictions, so the judgment in question was the judgment entered upon Petitioner's sentencing in 1998. Judge Crow "reject[ed] the claims for relief made in the habeas petition," concluding that even the claims that Petitioner had failed to exhaust in state court or claims that Petitioner improperly raised for the first time in the traverse would fail on their merits. *See* 2015 WL 5125467 at *4-10.

The current petition also challenges Petitioner's 1997 convictions; thus, it too is directed at the 1998 judgment.[1] (*See* Doc. 1, p. 1.) Accordingly, the current petition is a "second or successive" application for § 2254 relief and there is no indication that Petitioner has obtained from the Tenth Circuit the required preauthorization to file the current petition. This Court lacks jurisdiction to consider unauthorized successive petitions for § 2254 relief; the Court must either dismiss the petition or, if it is in the interest of justice, transfer it to the Tenth Circuit for possible authorization to proceed. The Court concludes that transfer of this matter would not serve the interest of justice, so it will dismiss this matter without prejudice for lack of jurisdiction and deny the pending motion to appoint counsel (Doc. 6) as moot. If Petitioner wishes, he may independently apply directly to the Tenth Circuit for authorization to proceed in a successive § 2254 petition.

### Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District

---

[1] To the extent that Petitioner intends in his petition to assert that the 2023 KCOA opinion in the appeal from the denial of Petitioner's fourth 60-1507 motion constitutes a new judgment that can be attacked through a § 2254 petition, that argument is unpersuasive. The "judgment" on which federal habeas courts focus is the judgment that resulted in a habeas applicant's confinement, not the most recent order relevant to any issue in the federal habeas matter. *See Reber v. Steele*, 570 F.3d 1206, 1209 (10th Cir. 2009) (citing § 2254; *Burton v. Stewart*, 549 U.S. 147, 156 (2007); and *Ferreira v. Sec'y Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007)).

Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** as an unauthorized successive petition under 28 U.S.C. § 2254 which the Court lacks jurisdiction to consider. The motion to appoint counsel (Doc. 6) is **denied as moot**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 12th day of November, 2024 at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge